```
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X

JOSEPH LITTLE,                               :

                        Plaintiff,           :    04 cv 07571

        -against-                            :    COMPLAINT AND DEMAND
                                                    FOR JURY TRIAL
THE CITY OF NEW YORK, Police Officer         :
DOUGLAS STRONG Shield No. 22185,
2 unknown Detectives, 1 unknown Sergeant,    :
2 unknown police officers,
GUSTAVO BLAIN Shield No. 01588, and other    :
Unknown police officers with the New York
City Police Department,                      :

                        Defendants.          :
--------------------------------------------X
```

## INTRODUCTION

1.   This is an action for monetary damages (compensatory and punitive) for the wrongful acts of defendants NEW YORK CITY, Police Officers DOUGLAS STRONG, GUSTAVO BLAIN, and unknown police officers with the New York City Police Department, including detectives, a sergeant, and a captain, (JOHN DOES 1-10), all acting under color of state law and pursuant to their authority, in violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York.

2. Plaintiff alleges that beginning on or about September 25, 2001 until November 3, 2001, defendants committed wrongful and illegal acts against plaintiff, including the violation of his civil rights under 42 U.S.C. Section 1983 and conspiracy to violate his civil rights under Section 42 U.S.C. 1983.

## JURISDICTION

3. This action is brought under 42 U.S.C. Sections 1983, in conjunction with the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff=s Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

PARTIES

7.   At all times relevant hereto, plaintiff JOSEPH LITTLE, was and is a citizen of the United States and resident of the County of New York, City of New York in the State of New York.

8.   At all times relevant hereto, defendant NEW YORK CITY was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9.   Defendants DOUGLAS STRONG and GUSTAVO BLAIN are police officers of the New York City Police Department, and acting under color of state law.  They are being sued in both their individual and official capacities.

10.  Defendants JOHN DOES 1-10 are unknown police officers of the New York City Police Department, and acting under color of state law.  Plaintiff intends to discover the identity of these officers.  They are being sued in both their individual and official capacities.

11.  At all times relevant hereto and in all their actions described herein, the defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of

the New York City Police Department within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and supervisors particularly, DOUGLAS STRONG, GUSTAVO BLAIN, and JOHN DOES 1-10, the unknown police officers whose identities plaintiff intends to discover.

13. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, and other unlawful propensities of the officers involved in the violation of the plaintiff's civil rights.

14. At all times mentioned herein the defendant, CITY OF NEW YORK, knew or should have known of the discriminatory nature, bad judgment, carelessness and propensity for the reckless disregard for the truth, and other unlawful propensities of the officer involved in the violation of civil rights of the plaintiff JOSEPH LITTLE.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff.

16. This action has been commenced within three years after the plaintiff=s various causes of action have accrued.

**FACTUAL BACKGROUND**

17. On or about September 25, 2001, at approximately 8:30 a.m. plaintiff JOSEPH LITTLE was lawfully in his apartment located at 511 West 177th Street Apartment #5C, N.Y., N.Y. 10033, in the neighborhood of Harlem.

18. At the aforementioned time and place, Police Officers JOHN DOES 1,2 and 3 knocked on the plaintiff's apartment door.

19. The plaintiff was the only African American man who lived in his building.

20. The plaintiff opened the door, and the police officers threw the plaintiff against the wall in the hall and handcuffed him.

21. As a direct and proximate result of the actions of the police officers, the plaintiff suffered injuries to his arms, back, face, and torso.

22. The police officers also took Shaday Shaw, who was then a 4 year old girl and the plaintiff's granddaughter, and Kim Shaw, his then 22 year old step-daughter, Rachel, a friend of Kim Shaw's, and Stephan Cripper, her friend's nephew, and

threw them out of their bedrooms and onto the floor and pointed guns at all of them.

23.   When the plaintiff asked, What's going on?" police officers JOHN DOES 1, 2 or 3 told the plaintiff: "Shut the hell up you black bastard, we got you now."

24.   As the plaintiff was being led towards the elevator, he saw a SWAT team of about 6 to 7 officers arrive with shields and helmets and enter his apartment.

25.   More police cars, fire trucks, ambulances and a helicopter then arrived.

26.   The plaintiff was led out of his building and many people gathered to look at him.

27.   One Hispanic police officer told the plaintiff that he had just got through chasing the plaintiff.  He told the plaintiff that he had chased him from 178th Street, and that the plaintiff ran through an alley, jumped over a fence, ran up a fire-escape to the roof of a building, went over the roof and into the next building, which was the plaintiff's building.  The plaintiff told him, "You did not chase me.  You've got the wrong man."

28.   After listening to this account in front of the building, a New York City Police Department Captain wiped the

plaintiff's forehead and said, "He's not even sweating." He looked at the police officers and walked away.

29. The plaintiff was searched and made to take off his boots. No property belonging to the person who was robbed more than an hour earlier that morning was recovered from the plaintiff.

30. Without reasonable cause or justification, one or more of the police officers arrested the plaintiff and brought him to the 33rd Precinct.

31. As the plaintiff sat in a cell in the precinct and then in the Detectives office, the Detectives told the plaintiff that maybe they could work out a deal.

32. The detectives told the plaintiff: "We got a lot of robberies on you."

33. The plaintiff repeatedly told them, "You've got the wrong man."

34. The police told the plaintiff that he was looking at "25 to life."

35. The police subsequently charged the plaintiff with six other robberies. When his attorney presented verifiable alibis as to the dates of some of the robberies, the Assistant District

Attorney dropped four of the cases, and ultimately did not present any of them to the grand jury.

36.  Police Officer GUSTAVO BLAIN, Shield No. 01588 of the 34th Precinct Detective Squad, formally rearrested the plaintiff while he was still in custody pursuant to his arrest in the first case on October 10, 2001 and charged him with two separate counts of Robbery in the First Degree, which were alleged to have occurred on August 17, 2001 and September 9, 2001, respectively.

37.  Finally, after spending more than two months in jail, with no grand jury presentation of any of the cases, the plaintiff was released from jail.

38.  On January 16, 2002, the first case that he was arrested on under Docket Number 2001NY077439 was dismissed and sealed in Part F of the New York City Criminal Court.

39.  Thereafter, on January 29, 2002, the second and third accusations of Robbery in the First Degree under Docket Number 2001NY078495, were also dismissed and sealed in Part F of the New York City Criminal Court.

40.  As a direct and proximate result of the actions of the police officer defendants, plaintiff was falsely arrested.

41. As a direct and proximate result of all defendants' actions, the plaintiff was wrongfully seized and suffered the loss of his liberty for more than 2 months, and suffered and continues to suffer permanent damage to his good name, shame, humiliation, indignity, degradation, damage to reputation and credit, loss of esteem, loss of personal security and liberty, traumatic stress, serious mental anguish and anxiety, emotional and psychological distress and suffering and other psychological and physical injuries, preventing and substantially interrupting his sleep, and affecting how he lives his life.

42. In the face of obvious and irrefutable evidence that the plaintiff was not the man that the police officer was chasing, and based solely upon the officer's erroneous conclusion that the African American man he was chasing must have lived in the plaintiff's building and the plaintiff was the only African American man who did live in that building, the police unreasonably and without just cause or basis and without probable cause to do so, arrested the plaintiff and subjected him to prejudicial and unfair procedures that resulted in his being implicated in seven separate robberies.

43. The police officers conspired with each other to violate the plaintiff's civil rights and continuously threatened

the plaintiff with spending the rest of his life in jail if he did not admit to committing robberies that he never committed. As a direct and proximate result of defendants' actions, plaintiff was arrested and detained without just or probable cause in violation of his rights under the United States Constitution.

44. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

45. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known, of the individual defendant officers' tendencies to make unlawful arrests, unlawful seizures, to use inappropriate language, and otherwise commit malicious, reckless and wanton unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

46. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

47.     Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, train or otherwise direct police officers, including the defendants in this case, for violations of the constitutional rights of the persons living within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

48.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

49.     Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to September 25, 2001, the perpetration of unlawful arrests, the commission of perjury and other malicious, and inappropriate unlawful acts by defendant officers were occurring, in that it is believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FOR A FIRST CAUSE OF ACTION

VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendants STRONG, BLAIN, JOHN DOES 1-10)

50.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-49 of this complaint, as though fully set forth herein.

51.    The actions of the defendants DOUGLAS STRONG, GUSTAVO BLAIN, and JOHN DOES 1-10, and ROE, all members of the New York City Police Department, and acting under color of state law, deprived the plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular the rights to be secure in his person and property, to be free from the deprivation of liberty without due process of law, and the concomitant rights to be free from false arrest and false imprisonment.

52.    By these actions, these individual defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983 for which the defendants are individually liable.

53.    Defendants DOUGLAS STRONG, GUSTAVO BLAIN, and JOHN DOES 1-10 subjected plaintiff to these deprivations of his

rights intentionally and maliciously and with reckless and wanton disregard for whether plaintiff's rights would be violated by their actions.

54. As a direct and proximate result of the acts of Defendants DOUGLAS STRONG, GUSTAVO BLAIN, and JOHN DOES 1-10 plaintiff endured great mental anguish and suffering, and was wrongfully deprived of his physical liberty.

FOR A SECOND CAUSE OF ACTION

VIOLATION OF CONSTITUTIONAL RIGHTS

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-54 of this complaint, as though fully set forth herein.

56. Defendant CITY OF NEW YORK and the New York City Police Department, through then New York City Police Commissioner, as a municipal policy maker, in the hiring, training and supervision of its employees, agents and servants, have pursued a policy and custom of deliberate indifference to the unlawful conduct of the defendant officers under their supervision by failing to discipline these officers in any way for their illegal conduct, both with respect to the plaintiff, and prior to their encounter with the plaintiff.

57. By these actions, defendant CITY OF NEW YORK has deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

58. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of defendant, the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, defendants DOUGLAS STRONG, GUSTAVO BLAIN, and JOHN DOES 1-10 committed the unlawful acts referred to above and thus, all defendants are liable for plaintiff's injuries.

59. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-81 of this complaint, as though fully set forth herein.

60. Defendant CITY OF NEW YORK owes a duty to plaintiff to adequately screen prospective police officers, and to train and supervise and otherwise control its police officers in the use of their power to arrest, and other matter incidental to the exercise of police functions, The CITY OF NEW YORK failed to provide adequate screening, training, supervision, and control

of the individual defendants, with failure constitutes negligence.

61. Defendants CITY OF NEW YORK and the New York City Police Department, and their agents, servants and/or employees failed to exercise reasonable care in the hiring, training, disciplining, supervising, and retention of Defendants DOUGLAS STRONG, GUSTAVO BLAIN, JOHN DOE, RICHARD ROE.

62. By reason of the foregoing, plaintiff suffered the damages and injuries aforesaid. Defendant CITY OF NEW YORK and all the individual defendants are liable for said damages and injuries.

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff request the following relief:

a. Compensatory damages in the amount of Nine Million ($9,000,000) dollars.

b. Punitive damages in the amount of One Million ($1,000,000) dollars.

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

DATED: New York, New York

September 23, 2004

                                              Respectfully,

                                              _____
                                              JOANNE M. DWYER, Esq.
                                              Attorney for Plaintiff
                                              225 Broadway, 41st Floor
                                              New York, NY 10007
                                              (212) 233-0591
                                              Attorney for Plaintiff

Case No.  04 CV

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|
| JOSEPH LITTLE,<br>                              Plaintiff,<br><br>        -against-<br><br>THE CITY OF NEW YORK, Police Officers<br>DOUGLAS STRONG, GUSTAVO BLAIN, Police<br>Officers JOHN DOE, RICHARD ROE,<br><br>                              Defendants. |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| *JOANNE M. DWYER*<br>*Attorney for Plaintiff*<br>*225 Broadway, 41st Floor*<br>*New York, N.Y.  10007*<br>*Tel:  (212) 233-0591* |
|  |

RIDER I

The City of New York
Corporation Counsel
The Law Department of the City of New York
100 Church Street
New York, NY 10007


New York City Police Officer Douglas Strong,
Gustavo Blain.
(addresses unknown at this time)


New York City Police Sergeant, two unknown Dectives,
and two unknown Police Officers.
(Actual names and addresses unknown at this time)